1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ARMANDO ANTONIO MARROQUIN,                No. C 11-4535 SBA (PR)

10              Plaintiff,                    **ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND**

11      v.

12   MATTHEW CATE, Secretary of California
     Department of Corrections and Rehabilitation,

13              Defendant.

14   _____/

15      Armando Antonio Marroquin, an inmate presently incarcerated at La Palma

16   Correctional Center (LPCC) in Eloy, Arizona, has filed a pro se civil rights action under 42

17   U.S.C. § 1983 alleging claims against Matthew Cate, the former Director of the California

18   Department of Corrections and Rehabilitation (CDCR).[1]  The gravamen of Plaintiff's

19   complaint appears to be that the CDCR was deliberately indifferent to Plaintiff's medical

20   needs and safety by transferring him to a facility in Arizona.  Plaintiff also alleges that he

21   was discriminated against because his transfer was due to his illegal alien status.  Finally,

22   Plaintiff complains about his treatment at the LPCC.

23      Plaintiff previously was granted leave to proceed in forma pauperis.  (Dkt. 7).  The

24   Court now conducts a preliminary screening of the Complaint.

25                              **BACKGROUND**

26      Plaintiff was previously incarcerated at an unspecified correctional facility located in

27   California.  On a date not specified in the pleadings, Plaintiff was transferred to the LPCC in

28   _____

[1]On December 27, 2012, Jeffrey A. Beard was appointed as Secretary of the CDCR.

United States District Court
For the Northern District of California

1   Arizona.  Although Plaintiff has a green card, the CDCR classified him as an illegal alien.

2   On that basis, the CDCR allegedly transferred Plaintiff to Arizona.  Though not entirely

3   clear, Plaintiff appears to allege that after his transfer, he was deprived of reasonable

4   accommodations for an unspecified disability, medical care, access to the courts and

5   "indigent supplies," and was subject to attacks by other inmates.  These deprivations

6   allegedly occurred at the LPCC.

7        Plaintiff seeks damages in the amount of $10,000 for each day he has been in Arizona

8   and for unspecified injunctive relief.

9                                    **DISCUSSION**

10  **A.    Legal Standard for Review of Complaint**

11       A federal court must engage in a preliminary screening of any case in which a

12  prisoner seeks redress from a governmental entity or officer or employee of a governmental

13  entity.  28 U.S.C. § 1915A(a).  The court must identify any cognizable claims, and dismiss

14  any claims which are frivolous, malicious, fail to state a claim upon which relief may be

15  granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at

16  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police

17  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

18       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

19  a right secured by the Constitution or laws of the United States was violated, and (2) that the

20  violation was committed by a person acting under the color of state law.  West v. Atkins, 487

21  U.S. 42, 48 (1988).  Liability may be imposed on an individual defendant under 42 U.S.C.

22  § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a

23  federally protected right.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City

24  of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a

25  constitutional right within the meaning of § 1983 if he performs an affirmative act,

26  participates in another's affirmative act or omits to perform an act which he is legally

27  required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at

28

2

633.  There is no liability under § 1983 solely because one is responsible for the actions or omissions of another. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>Ybarra v. Reno Thunderbird Mobile Home Village</u>, 723 F.2d 675, 680-81 (9th Cir. 1984).

**B.    Proper Defendant**

The only Defendant named in this action is Cate, the former Director of the CDCR. In order to hold Cate liable for constitutional deprivations, Plaintiff must allege facts affirmatively linking him to the violation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72 (1976); <u>Leer</u>, 844 F.2d at 631.  The mere fact that Cate may have at one time been in charge of the CDCR or possibly supervised the individuals responsible for a violation is not enough.  A defendant may only be held liable in a supervisory capacity if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor</u>, 880 F.2d at 1045.  Because the Complaint fails to allege any facts linking Cate to any constitutional deprivation, Cate will be dismissed as a party from this action.

The Court will grant Plaintiff an opportunity to amend.  In order to state a claim, Plaintiff must set forth sufficient facts showing that Cate (or some other identifiable individual) personally took some action or omitted to take legally-required action that violated Plaintiff's constitutional rights.  Merely alleging that Cate is responsible because he was formerly the Director of the CDCR is insufficient to state a cognizable claim against him.

**C.    Legal Claims**

      **1.    Transfer Claims**

            **a.    Improper Transfer**

Prisoners have no constitutional right to incarceration in a particular institution.  <u>Olim v. Wakinekona</u>, 461 U.S. 238, 244-48 (1983);  <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976).  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution. <u>Rizzo v. Dawson</u>, 778 F.2d

527, 530 (9th Cir. 1985) (citing <u>Meachum</u>, 427 U.S. at 224-25) (intrastate prison transfer does not implicate Due Process Clause), and <u>Olim</u>, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause).  "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."  <u>McKune v. Lile</u>, 536 U.S. 24, 39 (2002).

Furthermore, transfers from one prison to another do not per se violate the Eighth Amendment.  <u>Sisbarro v. Massachusetts State Penitentiary</u>, 592 F.2d 1, 4-5 (1st Cir.), <u>cert. denied</u>, 444 U.S. 849 (1979).  Loss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests.  <u>Olim</u>, 461 U.S. at  247 (1983) (prison transfers constitutional even where they involve "long distances and an ocean crossing").  Therefore, as a general matter, Plaintiff cannot state a constitutional claim based solely on the fact that he was transferred.  As will be discussed in more detail below, to the extent that Plaintiff is complaining that he is being mistreated at the transferee facility, the proper venue for such a claim is in Arizona.  <u>See</u> 28 U.S.C. § 1391(b) (venue statute for federal claims).

### b.    Deliberate Indifference

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  To establish a claim for deliberate indifference to serious medical needs, the plaintiff must show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted).

It is unclear whether Plaintiff is, in fact, asserting a deliberate indifference claim.  He alleges that he was "cleared" of all medical problems by the CDCR so that he could be transferred.  He then claims that while at the LPCC, he "was suffering of [sic] medical care and was denied supplies."  Compl. § 3.  To the extent that Plaintiff is attempting allege that

California prison personnel were deliberately indifferent, such a claim is insufficiently pled. No facts are alleged establishing that Plaintiff has a serious medical need. Nor has Plaintiff alleged any facts demonstrating how CDCR staff were deliberately indifferent to that need. To the extent Plaintiff is claiming that he received inadequate medical attention after his transfer, such claims are properly brought in an Arizona court. Therefore, Plaintiff's claim for deliberate indifference to serious medical needs is dismissed. Plaintiff will be given leave to amend to correct these deficiencies.

### c.   Equal Protection

Plaintiff also may be attempting to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection under 42 U.S.C. § 1983 based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. Monteiro v. Tempe Union High School Dist., 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of plaintiff's membership in a protected class. Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003).

Plaintiff avers that he was transferred to Arizona because he is an illegal alien. However, no facts are offered to support this conclusory assertion. Allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Here, there are no facts in the

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

Complaint to support Plaintiff's claim that his illegal alien status was the reason he was transferred.  Plaintiff's equal protection claim is therefore dismissed with leave to amend.

## 2.    Claims Based on Treatment at LPCC

In addition to the above, Plaintiff also appears to take issue with his treatment at the LPCC in Arizona.  Venue for federal claims is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Plaintiff asserts that he presently is not being afforded reasonable accommodations for his disability, proper medical treatment or access to the courts, and that unidentified LPCC staff have sent other inmates to attack him.  Setting aside Plaintiff's failure to allege any *facts* to support these claims, the proper venue to present such claims is in Arizona, not the Northern District of California.  Accordingly, all claims based on Plaintiff's treatment at the LPCC are dismissed without prejudice to Plaintiff's ability to present such claims to a court in Arizona.  See 28 U.S.C. § 1406 (court may dismiss or transfer claims where venue is improper).

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1.    All claims against Cate are DISMISSED WITH LEAVE TO AMEND.

2.    Plaintiff's claim for deliberate indifference to serious medical needs and denial of equal protection are DISMISSED WITH LEAVE TO AMEND, as directed above.

3.    All claims based upon improper treatment at the LPCC are DISMISSED WITHOUT PREJUDICE to Plaintiff's ability to allege such claims in a complaint filed in an Arizona court.

1         4.     The amended pleading must be in the Court's civil rights complaint form and

2    must include the caption and civil case number used in this Order -- No. C 11-4535 SBA

3    (PR) -- and the words AMENDED COMPLAINT on the first page.  **Failure to file a proper**

4    **amended complaint within thirty (30) days of the filing date of this Order will result in**

5    **the dismissal of this action.**

6         5.     The Clerk of the Court shall provide Plaintiff with a blank civil rights

7    complaint form.

8

9         IT IS SO ORDERED.

10

DATED: 1/31/13

11                                           SAUNDRA BROWN ARMSTRONG

12                                           United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

7

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

ARMANDO A MARROQUIN,

          Plaintiff,

  v.

MATTHEW CATE et al,

          Defendant.
_____/

Case Number: CV11-04535 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 5, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Antonio Marroquin T-86698
L.P.C.C - C.C.A.
5501 N. La Palma Road
Eloy, AZ 85131

Dated: February 5, 2013

                                Richard W. Wieking, Clerk
                                By: Lisa Clark, Deputy Clerk

**United States District Court**
For the Northern District of California