IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ANTONIO MARROQUIN,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | No. C 11-4535 SBA (PR)<br>**ORDER OF SERVICE** |

Plaintiff, an inmate presently incarcerated at La Palma Correctional Center ("LPCC") in Eloy, Arizona, filed a pro se civil rights action under 42 U.S.C. § 1983. His motion for leave for in forma pauperis has been granted.

In its February 5, 2013 Order reviewing Plaintiff's original complaint, the Court dismissed his claims with leave to amend. The Court noted that the gravamen of Plaintiff's complaint appeared to be that Defendant Former Director of the California Department of Corrections and Rehabilitation ("CDCR") Matthew Cate was deliberately indifferent to his medical needs and safety by transferring him from Salinas Valley State Prison ("SVSP") (where he had been housed from 2006 through 2008) to Florence Correctional Center ("FCC") in Arizona. Plaintiff also alleged that he was transferred due to his illegal alien status, in violation of his right to equal protection. Finally, Plaintiff alleged that after his transfer, he was deprived of reasonable accommodations for an unspecified disability, medical care, access to the courts and "indigent supplies," and was subject to attacks by other inmates. These deprivations allegedly occurred at LPCC. All claims against Defendant Cate, the only named Defendant, were dismissed with leave to amend. Plaintiff was instructed that he must set forth sufficient facts showing that Defendant Cate (or some other identifiable individual) personally took some action or omitted to take legally-required action that violated Plaintiff's constitutional rights. Plaintiff's claim for deliberate indifference to serious medical needs and denial of equal protection were

dismissed with leave to amend. All remaining claims were dismissed without leave to amend.

Plaintiff has now filed an amended complaint naming Defendant Cate as well as Defendants Drs. R. Bowman, S. Pajong and L. Fox, his physicians at SVSP. He has also named "unknown trust account staff" as Doe Defendants in this action. The Court orders service of certain of Plaintiff's claims, as directed below.

## DISCUSSION

### I. Defendant Cate

In his prior pleading, Plaintiff failed to allege facts linking Defendant Cate to any of the alleged constitutional violations. His amended complaint fares no better. Rather, as before, Plaintiff makes the conclusory claim that Defendant Cate was "deliberately indifferent to Plaintiff's serious medical and safety needs" by allowing him to be transferred to FCC. (Am. Compl. at 3.) As explained in the Court's prior order, the "[l]oss of a prison job, assigning an inmate to a prison far from his family and friends, and the like, which result from interprison transfers, are not constitutionally protected interests." (Feb. 5, 2013 Order at 4 (citing Olim v. Wakinekona, 461 U.S. 238, 247 (1983).) Therefore, Plaintiff cannot state a constitutional claim based solely on the fact that he was transferred.

Plaintiff also claims, again in a conclusory fashion, that Defendant Cate "cleared [him] of all medical problems"--but fails to allege that Defendant Cate was actually aware of his medical situation. (Am. Compl. at 3.) At most, it appears that Plaintiff is attempting to impose liability on Defendant Cate based on the conduct of his subordinates, i.e., the SVSP physicians who examined Plaintiff and cleared him for transfer. However, there is no respondeat superior liability under § 1983, meaning that a defendant generally cannot be held responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. Here, Plaintiff's amended complaint fails to allege supervisory liability against Defendant Cate under the standards explained above.

2

Accordingly, the claims against Defendant Cate are DISMISSED without prejudice and without further leave to amend.

## II. SVSP Physicians

In his amended complaint, Plaintiff claims that he suffers from "back malformation" that causes him pain and that the only remedy is surgery. (Am. Compl. at 6.) Plaintiff avers that SVSP physicians Defendants Bowman, Pajong and Fox, denied him medical care at SVSP from 2006 through 2008 and that they were deliberately indifferent to his serious medical needs when they cleared him of all medical problems in order for him to be transferred to FCC in 2008.

Having reviewed the amended complaint, the Court finds that Plaintiff's allegations, liberally construed, state a cognizable claim that Defendants Bowman, Pajong and Fox violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.

## III. Doe Defendants

Plaintiff identifies "unknown trust account staff" as Doe Defendants whose names he intends to learn through discovery, as those responsible for denying him access to the courts.[1] (Am. Compl. at 9.) He claims that, as a result of their actions, his civil rights action in the United States District Court for the Central District of California was dismissed for "failure to pay the filing fee." (Id.)

The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED from

---

[1] Plaintiff does not specify whether these "unknown trust account staff" are prison officials from SVSP, FCC or LPCC. The Court notes that if Plaintiff wishes to file a claim against FCC or LPCC prison officials, the proper venue to present such claims is in Arizona, not the Northern District of California.

3

this action without prejudice. Should Plaintiff learn the identities of the Doe Defendants through discovery, he may move to file a second amended complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**IV.     Equal Protection Claim**

Plaintiff did not include an amended equal protection claim in his amended complaint. The equal protection claim has therefore been waived. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."). This claim is therefore deemed DISMISSED

**CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.     Plaintiff's claims against Defendant Cate are DISMISSED.

2.     Plaintiff states a cognizable claim that Defendants Bowman, Pajong and Fox violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.

3.     Plaintiff's claims against the Doe Defendants are DISMISSED.

4.     Plaintiff's equal protection claim is deemed DISMISSED.

5.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (Dkt. 9) and a copy of this Order to the following: **Defendants Drs. R. Bowman, S. Pajong and L. Fox at SVSP.** The Clerk of the Court shall also mail a copy of the amended complaint and a copy of this Order to the California State Attorney General's Office. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the amended complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934,

---

[2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

5

935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your amended complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your amended complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

    (The Rand and Wyatt/Stratton notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. Woods, 684 F.3d at 935.)

    d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    8.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    9.    All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding pro se whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. See L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the pro se party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the pro se party indicating a current address. See L.R. 3-11(b).

11. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 2/4/14

SAUNDRA BROWN ARMSTRONG
United States District Judge