UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ARMANDO A. MARROQUIN,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW CATE, et al.,<br><br>Defendants. | Case No: C 11-4535 SBA (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Armando A. Marroquin, currently incarcerated at the La Palma Correctional Center ("LPCC") in Eloy, Arizona, brings the instant action, pursuant to 42 U.S.C. § 1983, alleging that Drs. Bowman, Pajong and Fox (collectively "Defendants") were deliberately indifferent to his serious medical needs while he was housed at Salinas Valley State Prison ("SVSP") from 2006 through 2008.

The parties are presently before the Court on Defendants' unopposed motion for summary judgment. In their motion, Defendants contend that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and that his claims are otherwise time-barred. Although Plaintiff failed to respond to the motion, he filed a motion for leave to amend after the date his response was due. Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion for summary judgment and DENIES Plaintiff's motion for leave to amend.

I. **BACKGROUND**

Until 2008, Plaintiff was incarcerated at SVSP. On September 4, 2008, Plaintiff was transferred from SVSP to Florence Correctional Center ("FCC") in Arizona on

1  September 4, 2008, and is serving a sixteen year and eight month sentence. Dkt. 27, Exs.
2  B, C.¹

3      On September 12, 2011, Plaintiff filed the instant action, naming only then
4  Secretary of California Department of Corrections and Rehabilitation ("CDCR"), Matthew
5  Cate ("Defendant Cate"), as a Defendant. Dkt. 1. Plaintiff claimed that Defendant Cate:
6  (1) was deliberately indifferent to his medical needs and safety by transferring him from
7  SVSP to FCC; and (2) transferred Plaintiff due to his illegal alien status, in violation of his
8  right to equal protection. Id. at 1-2. Finally, Plaintiff alleged various claims based on
9  conduct occurring at LPCC. On February 5, 2013, the Court dismissed the Complaint with
10 leave to amend. Dkt. 8.

11     On February 28, 2013, Plaintiff filed a First Amended Complaint ("FAC") which
12 again names Defendant Cate as a party-defendant, along with newly-named Defendants,
13 Bowman, Pajong and Fox.² Dkt. 9. Plaintiff avers that Defendants Bowman and Pajong
14 were deliberately indifferent to his medical needs by denying him medical care from 2006-
15 2008, and when they medically cleared him for transfer to an out-of-state prison. Id. at 6-
16 7. Defendant Fox is alleged to have been deliberately indifferent to Plaintiff's medical
17 needs when she denied his request for medical care in 2008. Id. at 8. Upon reviewing the
18 FAC, the Court dismissed Plaintiff's supervisory liability claim against Defendant Cate for
19 failure to state a claim, and ordered service as to Defendants Bowman, Pajong and Fox.
20 Dkt. 10 at 4.³

---

¹ It is unclear when he was transferred to LPCC.

² Although the FAC was not stamped "filed" until March 5, 2013, Plaintiff receives the benefit of the prisoner mailbox rule. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (to benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the court). Plaintiff's complaint is deemed to have been filed on February 28, 2013, the date on which he signed it and presumably gave it to prison officials to mail to the Court.

³ The FAC also alleged a due process claim against "unknown trust account staff" or Doe Defendants, who allegedly denied Plaintiff access to the courts by causing his action filed in the Central District of California for "failure to pay the filing fee" to be dismissed for "failure to pay the filing fee." Dkt. 9 at 9. Plaintiff failed to indicate where these staff members were employed. The Court explained that in the event Plaintiff is able

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment on some or all of the claims or defenses presented in an action. Fed. R. Civ. P. 56(a)(1). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id.; see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in the record"). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. See Celotex, 477 U.S. at 324; Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

"On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting in part Scott v. Harris, 550 U.S. 372, 380 (2007)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. A factual dispute is genuine if it "properly can be resolved in favor of either party." Id. at 250. Accordingly, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (internal citations omitted). Only admissible evidence may be considered in ruling on a motion for summary judgment. Orr v. Bank of Am., 285 F.3d 764, 773 (9th Cir.

---

to ascertain the identities and location of the Doe Defendants through discovery, he may move to file a second amended complaint to add them as named defendants. Dkt. 10 at 4 (citing Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003)). The Court noted that to the extent these unnamed parties worked at FCC or LPCC, any claim against them should be filed in Arizona, and not in this Court. Id. at 3 n.1.

2002).

The failure to exhaust administrative remedies is an affirmative defense that must now be raised in a motion for summary judgment. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). In bringing such a motion, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

As noted, Plaintiff has not filed an opposition to Defendants' motion. However, since the FAC is verified, the Court will construe it as an opposing affidavit under Federal Rule of Civil Procedure 56, insofar as it is based on personal knowledge and sets forth specific facts admissible in evidence. See Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

### III. DISCUSSION

#### A. EXHAUSTION UNDER THE PLRA

##### 1. Overview

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S.

at 741.  A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 739.

The PLRA requires *proper* exhaustion of administrative remedies.  Woodford v. Ngo, 548 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  See Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).  During the relevant time period in 2008, an inmate was required to submit an administrative appeal within fifteen working days of the event or decision being appealed, or of receiving an unacceptable lower-level appeal decision. Cal. Code Regs. tit. 15, § 3084.6(c) (2008).

In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDCR 602 inmate appeal form ("602 appeal"), (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the CDCR (i.e., Director's Level).  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.  Here, Defendants contend that Plaintiff failed to properly exhaust his available administrative remedies as to his claims that (1) Defendants Bowman and Pajong were deliberately indifferent to his medical needs by clearing him for transfer

1  to an out-of-state prison; and (2) Defendant Fox denied his appeal requesting medical care.
2  Thus, they argue that these claims should be dismissed with prejudice.

### 2. Summary of Plaintiff's Grievances

In 2008, Plaintiff submitted the following seven inmate appeals that were accepted for review.  Mojica Decl. ¶ 7, Ex. A; Robinson Decl., Ex. A.

1)   SVSP-B-08-0447:  Request for extra toilet paper.  Mojica Decl. ¶ 7(a), Ex. B;

2)   SVSP-B-08-0631:  Complaint of back pain and request to see his x-ray and to obtain orthopedic shoes and a copy of his medical records.  Id. ¶ 7(b), Ex. C;

3)   SVSP-B-08-01009:  Complaint that he did not want to be transferred to an out-of-state prison because he wanted to stay near his family.  Mojica Decl. ¶ 7(c); Zamora Decl. ¶ 7(a), Ex. B.  Plaintiff made no mention of any medical reason why he could not be transferred.  Zamora Decl. ¶ 7(a), Ex. B;

4)   SVSP-B-08-1541:  Complaint of back pain and request to be seen by a specialist, receive an MRI, obtain a pressure mattress, be assigned a primary care provider, and be prescribed pain medications.  Mojica Decl. ¶ 7(d), Ex. D;

5)   SVSP-B-08-1813:  Complaint that staff failed to protect him from his cellmate.  Id. ¶ 7(e); Zamora Decl. ¶ 7(b), Ex. C;

6)   SVSP-B-08-4120:  Request for the replacement of a television damaged by his cellmate.  Mojica Decl. ¶ 7(f); Zamora Decl. ¶ 7(c), Ex. D; and

7)   SVSP-B-08-4141:  Complaint that he had been denied medical care, and in which he requested immediate medical care, an examination by an outside doctor, therapy to stop or relieve his pain, an orthopedic mattress, and designation as a disabled inmate under the Americans with Disabilities Act.  Mojica Decl. ¶ 7(g), Ex. E.

### 3. Analysis

#### a) *Defendants Bowman and Pajong*

Plaintiff alleges that Defendants Bowman and Pajong were deliberately indifferent to his medical needs by clearing him for transfer to an out-of-state prison.  Am. Compl. at

6

6-7. Although Plaintiff does not allege specifically when in 2008 Defendants Bowman and Pajong approved his transfer, prison records show that he was transferred to Arizona on September 4, 2008. Defs.' Req. Judicial Notice, Ex. B. Therefore, Defendants' alleged actions must have occurred sometime between January 1, 2008 and September 4, 2008. Under California regulations, Plaintiff was required to submit an inmate appeal regarding his claim no later than September 25, 2008—fifteen working days from the transfer. He failed to do so.

None of the seven grievances submitted by Plaintiff during the relevant time period addressed his medical claim against Defendants Bowman or Pajong. See Mojica Decl. ¶¶ 7(a)-7(g), Exs. A, B, C, D, E; Zamora Decl. ¶ 7(a), 7(c), 7(e), Exs. B, C, D. In fact, only one grievance (SVSP-B-08-01009) relates to Plaintiff's transfer out of prison. Mojica Decl. ¶ 7(c); Zamora Decl. ¶ 7(a), Ex. B. Plaintiff complained that he did not want to be transferred, and that he had the rights to refuse the transfer, to due process, a public defender, and family visits. Id. At the second level of review, the response form noted that Plaintiff had included language from California Penal Code § 11191, which was construed as a request to be "excluded from out-of-state transfer" due to "Medical/Mental Health concerns." Id. at 18. However, the second level reviewer determined that Plaintiff was *not* excluded from out-of-state transfer. The reviewer found that:

> [M]edical staff, on 2/29/08 evaluated the appellant and determined that the appellant did not have a medical condition that would warrant an exclusion from the COCF[4] program. In addition, there are no pending surgeries for appellant. Refer to 128C authored by Dr. S. Pajong on 2/28/08 and 1845/128C authored on 2/29/08.

Id. The CDCR 128C" form reflects that Defendant Pajong made the finding that there was "no reason why [Plaintiff] cannot be transferred out of state." Id. at 25.

On appeal to the third and final level (Director's Level), Plaintiff made no mention of Defendant Pajong's findings that he was medically cleared for an out-of-state transfer.

---

[4] COCF stands for California Out-of-State Correctional Facility. Dkt. 24 at 8.

Id. Instead, Plaintiff stated that he was sentenced to prison in California, and that if he were transferred, California would lose jurisdiction and his sentence would be completed. Id. The reviewer at the Director's Level of Review noted: "[Plaintiff] has attached a statement in Spanish asking if the programs at Eloy, Arizona are better than those provided in California and states he never received a response to his inquiry. He states that if the programs are better he will not take these issues into court for violations of his rights under the Fifth, Eighth and Fourteenth Amendments. He asks for a guarantee that he is going to a better place and the guarantee be in writing." Id. at 8. Again, nowhere does Plaintiff challenge Defendant Pajong's finding that he was medically cleared for the out-of-state transfer. Nor does Plaintiff mention Defendant Bowman anywhere in his grievance and related appeals.

A grievant must utilize *all* steps of the grievance process made available by the prison so that it can reach the merits of the complaint. Woodford, 548 U.S. at 90. Here, the record shows that Plaintiff failed to exhaust his administrative remedies as to his claims for deliberate indifference to serious medical needs as to Defendants Bowman or Pajong. See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (no exhaustion where grievance complaining of upper bunk assignment failed to allege, as the complaint had, that nurse had ordered lower bunk but officials disregarded that order).

### b)    *Defendant Fox*

Plaintiff alleges that Defendant Fox denied his appeal requesting medical care, but does not specify when this occurred. FAC at 8. The record, however, shows that Defendant Fox reviewed two CDCR 1824s or "Reasonable Modification or Accommodation Requests," log nos. SVSP-B-08-1541 and SVSP-B-08-4141.

In log no. SVSP-B-08-1541, Plaintiff complained of back pain and requested the following: an examination by a specialist, to receive an MRI, be given a pressure mattress, be assigned a primary care provider, and be prescribed pain medications. Mojica Decl. ¶ 7(d), Ex. D. In response, Defendant Fox interviewed Plaintiff on April 1, 2008, and partially granted the request on April 3, 2008. Id. Meanwhile, in log no. SVSP-B-08-

4141, Plaintiff complained that he had been denied medical care and requested the following: immediate medical care, an examination by an outside doctor, therapy to stop or relieve his pain, an orthopedic mattress, and designation as a disabled inmate under the Americans with Disabilities Act. Mojica Decl. ¶ 7(g), Ex. E. Defendant Fox reviewed this request and partially granted it on October 8, 2008. Id.

There is no record of Defendant Fox receiving or reviewing any other CDCR 1824 requests or 602 appeals. Therefore, Defendant Fox's alleged misconduct occurred, at the latest, on October 8, 2008. Under California regulations, Plaintiff was required to submit a 602 appeal regarding his claim by no later than fifteen days later on October 29, 2008. Again, Plaintiff did not do so. Therefore, the Court finds that Plaintiff has failed to exhaust his administrative remedies against Defendant Fox as to this deliberate indifference claim based on the denial of his appeal.

In sum, the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust the aforementioned claims for deliberate indifference to serious medical needs against Defendants Bowman, Pajong and Fox—but failed to do so. Accordingly, the Court GRANTS Defendants' motion for summary judgment as to these claims, which are subject to dismissal without prejudice. See McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (proper course in claims dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling).

### B. STATUTE OF LIMITATIONS

Defendants argue that Plaintiff's remaining claim against Defendants Bowman and Pajoing (based on the denial of medical care between 2006-2008) is time-barred. While Defendants have argued that Plaintiff's claim against Defendant Fox (based on the denial of his appeal) is unexhausted, they argue in the alternative that it is also time-barred. According to Defendants, these claims were raised for the first time in the FAC filed on March 13, 2013, and do not relate back to the filing of the original complaint.

#### 1. Applicable Law

"Claims under § 1983 are subject to the state statute of limitations for personal

9

injury claims. In California, the state rule is two years." Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 701 n.3 (9th Cir. 2009). A claim accrues and the statute begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action. Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994).

Section 1983 claims are subject to tolling based on the forum state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). In California, incarceration is considered a disability that tolls the statute for a maximum of two years where the plaintiff is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1(a). Here, Plaintiff is serving a sentence of sixteen years and eight months, and therefore, this statutory tolling provision is applicable. In addition, Plaintiff may be entitled to equitable tolling based on the time period while exhausting his administrative remedies. Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1987). This includes tolling during the period in which a prisoner administratively exhausted his underlying grievances in accordance with the requirements of the PLRA. See Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

### 2. Defendants Bowman and Pajong

Plaintiff alleges that Defendants Bowman and Pajong denied him medical care from 2006-2008, but does not specify exactly when such alleged misconduct occurred. To the extent that Plaintiff is alleging a "continuing violation," the statute of limitations begins to run when the violation or series of violations ends. Green v. L.A. Cnty. Superintendent of Sch., 883 F.2d 1472, 1480-81 (9th Cir. 1989). To establish a continuing violation, a plaintiff must show "'a series of related acts, one or more of which falls within the limitations period, or the maintenance of a discriminatory system both before and during the [limitations] period.'" Id. at 1480 (citation omitted). "A continuing violation is

occasioned by continual unlawful acts, not by continual ill effects from an original violation." Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981). "[M]ere 'continuing impact from past violations is not actionable.'" Williams v. Owens-Ill., Inc., 665 F.2d 918, 924 (9th Cir. 1982) (citation omitted).

Plaintiff was transferred to a prison in Arizona on September 4, 2008. Thus, Defendants Bowman and Pajong's alleged denial of medical care accrued at the latest on September 4, 2008, and the statute of limitations, absent equitable tolling, ran on September 4, 2012 (two-year statute of limitations plus an additional two years statutory tolling based on incarceration). In addition to statutory tolling, equitable tolling may be applicable, given that Plaintiff submitted three inmate appeals that arguably could be construed as relating to his claim that he was denied medical care for back pain.

First, on February 4, 2008, Plaintiff submitted inmate appeal SVSP-B-08-0631, complaining of back pain, and requesting to see his x-ray, obtain orthopedic shoes, and a copy of his medical records. The appeal was partially granted at the first level of review on March 21, 2008, *forty-six days* later. Plaintiff did not seek further review.

Second, Plaintiff submitted inmate appeal SVSP-B-08-1541, in which he complained of back pain, and requested to be seen by a specialist, receive an MRI, obtain a pressure mattress, be assigned a primary care provider, and be prescribed pain medications. Plaintiff submitted this appeal on March 27, 2008, which was partially granted at the first level of review on April 21, 2008, *twenty-five days* later. Plaintiff did not seek further review.

Finally, Plaintiff submitted inmate appeal SVSP-B-08-4141 on August 31, 2008, in which he complained that he had been denied timely access to medical care. This appeal was partially granted at the first level of review on October 8, 2008, *thirty-eight days* later. Plaintiff did not seek further review.

In sum, Plaintiff pursued his administrative remedies for a total of 109 days (46 days + 25 days + 38 days = 109 days). Liberally construing the record and assuming 109 days of equitable tolling, the statute of limitations is extended to December 22, 2012.

1  Plaintiff filed his FAC on February 28, 2013—more than two months after the statute of
2  limitations expired. Therefore, his claim that Defendants Bowman and Pajong denied him
3  medical care during 2006-2008 is untimely.

### 3. Defendant Fox

Plaintiff alleges that "on [sic] 2008," Defendant Fox denied his inmate appeal requesting medical care. FAC at 8. As discussed above, this claim is not exhausted. Even if it were, the claim is time-barred.

Plaintiff does not specify precisely when Defendant Fox denied his request for medical care. However, the record shows that Defendant Fox prepared responses to two inmate appeals on April 3, 2008 and October 8, 2008. Mojica Decl., Exs. D, E. Plaintiff did not submit any medical appeals after the October 8, 2008 response. Robinson Decl. Ex. A. Thus, Plaintiff's claim against Defendant Fox accrued on or before *October 8, 2008*, because Plaintiff "kn[ew] or ha[d] reason to know of the injury which is the basis of the action." TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

Plaintiff had four years to file suit against Defendant Fox; two years under § 1983 (as determined by state law) plus an additional two years of statutory tolling for being incarcerated. Equitable tolling is inapplicable, since Plaintiff did not submit an inmate appeal regarding his claim against Defendant Fox. Mojica Decl. ¶ 7, Ex. A; Robinson Decl. Ex. A. Accordingly, the statute of limitations expired no later than October 8, 2012. However, Plaintiff filed his FAC on February 28, 2013—more than four months after the statute of limitations lapsed. Therefore, his claim against Defendant Fox is time barred.

### 4. Relation Back

Notwithstanding the foregoing, Plaintiff's claims may be timely if they relate back to the filing of the original complaint. In § 1983 actions, the law of the forum state determines whether an amended complaint relates back to the filing of the original complaint. See Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989); Merritt v. Cnty. of Los Angeles, 875 F.2d 765, 786 (9th Cir. 1989). California's relation-back doctrine provides that an amendment relates back to the original complaint if the

12

amendment (1) rests on the same general set of facts; (2) involves the same injury; and (3) refers to the same instrumentality. Norgart v. Upjohn Co., 21 Cal. 4th 383, 408-09 (1999).

An amended complaint relates back to an earlier complaint if it is based on the same general set of facts, even if the plaintiff alleges a different legal theory or new cause of action. Smeltzley v. Nicholson Mfg. Co., 18 Cal. 3d 932, 934, 936 (1977). However, the doctrine is unavailable where the "the plaintiff seeks by amendment to recover upon a set of facts entirely unrelated to those pleaded in the original complaint." Stockwell v. McAlvay, 10 Cal. 2d 368, 375 (1937). An amended complaint is considered a new action for purposes of the statute of limitations only if the claims do not "relate back" to an earlier timely filed complaint. Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP, 195 Cal. App. 4th 265, 276 (2011).

"In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, the critical inquiry is whether the defendant had adequate notice of the claim based on the original pleading." Pointe San Diego Residential Cmty., 195 Cal. App. 4th at 276. "The policy behind statutes of limitations is to put defendants on notice of the need to defend against a claim in time to prepare a fair defense on the merits. This policy is satisfied when recovery under an amended complaint is sought on the same basic set of facts as the original pleading." Garrison v. Bd. of Directors, 36 Cal. App. 4th 1670, 1678 (1995).

Here, Plaintiff's medical claims against Defendants Bowman, Pajong and Fox, which were raised for the first time in the FAC, are not predicated on the same set of facts or involve the same injury alleged in the original complaint. The original complaint was brought solely against Defendant Cate based on allegations that he wrongfully transferred Plaintiff to an out-of-state prison without regard to his medical needs and because he is an "illegal alien." No facts were then alleged that Defendants Bowman, Pajong or Fox—or anyone else—were deliberately indifferent to Plaintiff's medical needs at SVSP by denying him medical treatment from 2006-2008 or by denying his appeal requesting

1    medical care. In other words, the allegations of the original complaint are insufficient to
2    place Defendants Bowman, Pajong and Fox on notice of the claims later alleged in the
3    FAC. See Pointe San Diego Residential Cmty., L.P., 195 Cal. App. 4th at 276. Therefore,
4    the aforementioned claims against Defendants Bowman, Pajong and Fox do not relate back
5    to the date of the filing of the original complaint, and these claims are barred by the statute
6    of limitations. Accordingly, the Court GRANTS Defendants' motion for summary
7    judgment as to these time-barred claims.

### C. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

As noted, Plaintiff did not file an opposition to Defendants' motion for summary judgment. Under the Court's scheduling order, Plaintiff's opposition was due by July 7, 2014. Dkt. 8. Instead, on July 28, 2014, Plaintiff filed a motion for leave to amend in which he seeks to join the following SVSP employees as party-defendants: J. Acosta; A. Alvarez; D. Lazaroni; L. Macias; F. Patlan; and F. Ramirez. Dkt. 31. Plaintiff claims that these individuals are the "unknown trust account staff" or Doe Defendants he mentioned in his FAC who allegedly caused his filing in the Central District of California to be dismissed for failing to pay the filing fee.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment." Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted). The decision to grant or deny a request for leave to amend rests in the discretion of the trial court. See California v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004).

Here, the pertinent facts persuade the Court that granting leave to amend to join new parties is unwarranted. As an initial matter, Plaintiff unduly delayed in bringing his motion. On February 5, 2014, the Court reviewed the FAC and explained to Plaintiff the reasons putative claim against "unnamed trust account staff" was infirm. Dkt. 10. Yet, Plaintiff waited until May 5, 2014, to submit a public records request to ascertain the

14

identities of SVSP staff who worked in the prison's accounting office. Dkt. 31 at 2. The prison promptly responded on May 14, 2014. Yet, Plaintiff delayed another two months before filing his motion for leave to amend. Dkt. 31. This delay also suggests bad faith, given that Plaintiff filed his motion after both the deadlines set by the Court had passed for Defendants' dispositive motion and his opposition. Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986) (affirming denial of leave to amend where plaintiff delayed in bringing a proposed claim as a tactical matter to avoid the possibility of an adverse summary judgment ruling).

The proposed amendment also is futile. In neither the FAC nor motion for leave to amend does Plaintiff specifically allege the conduct that gives rise to his claim for due process. While Plaintiff may have identified the persons who worked in SVSP's Accounting Office (from July 2008 through September 2008), he fails to allege what role, if any, each of the putative Defendants played in the constitutional deprivation. See Jones v. Williams, 297 F.3d 930, 936 (9th Cir. 2002) (either personal involvement or integral participation of each defendant in the alleged constitutional violation is required before liability may be imposed); Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (a defendant cannot be held liable simply based on his membership in a group without showing his individual participation in unlawful conduct). Moreover, Plaintiff's claim for denial of due process bears no relationship to his deliberate indifference to serious medical needs claims against Defendants Bowman, Pajong and Fox. Thus, joining the newly-identified parties would be improper. See Fed. R. Civ. P. 20(a) (permitting joinder of parties to "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [¶] . . . any question of law or fact common to all plaintiffs will arise in the action.").

Finally, the Court finds that permitting the proposed amendment would by unduly prejudicial to Defendants. Defendants timely filed their motion for summary judgment based on the claims which the Court found cognizable in its Order of Service. Yet, Plaintiff did not respond, which ostensibly indicates his consent to the relief sought in the

1  dispositive motion.  See Gwaduri v. I.N.S., 362 F.3d 1144, 1147 n.3 (9th Cir. 2004) (court has the discretion to construe the failure to oppose a motion as a consent to the relief sought in the motion).  To allow Plaintiff to pursue vaguely alleged and improperly joined claims based on an entirely different set of circumstances at this late stage of the action would undoubtedly be prejudicial, particularly given that the dispositive motion deadline has passed.  Cf. Acri, 781 F.2d at 1398 (affirming denial of motion for leave to amend on the ground that "allowing amendment would prejudice the [defendant] because of the necessity for further discovery").

The factors germane to Court's exercise of discretion under Rule 15 militate against granting leave to amend.  Accordingly, Plaintiff's motion for leave to amend is DENIED.

## IV.   CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for leave to amend is DENIED.  Dkt. 31.

2. Defendants' motion for summary judgment is GRANTED as to all claims. Dkt. 21.  Plaintiff's unexhausted claim—that Defendants Bowman and Pajong were deliberately indifferent to his medical needs by clearing him for transfer to an out-of-state prison—is DISMISSED without prejudice to refiling after exhausting California's prison administrative process.  See McKinney, 311 F.3d at 1200-01.

3. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4. This Order terminates Docket Nos. 21 and 31.

IT IS SO ORDERED.

Dated: 9/30/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.11\Marroquin4535.grantMSJ(exh&sol)rev092914.docx